**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRYSLER REALTY COMPANY,
LLC,

                      Plaintiff,

-vs-

DESIGN FORUM ARCHITECTS,
INC.,

                      Defendant.
_____/

CASE NO. 06-CV-11785

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Chrysler Realty Company LLC's ("Plaintiff") April 1, 2008 Motion for Reconsideration (Doc. No. 40) of this Court's March 25, 2008 Amended Opinion and Order granting partial summary judgment to Defendant Design Forum Architects ("Defendant"). In support of its motion, Plaintiff maintains that the Court erroneously (1) granted summary judgment to Defendant on Plaintiff's breach of contract claim; and (2) granted summary judgment on certain paragraphs of Plaintiff's Complaint necessary to form the basis of its professional liability claim.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg*.

1

*Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 F. App'x. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished). "A motion for reconsideration which merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich.1997).

The Court's March 25, 2008 Opinion and Order granted summary judgment to Defendant on the following claims: (1) breach of contract; (2) unjust enrichment; and (3) the fact that Defendant completed the project within its deadline. The bases of the Court's rulings included that: (1) Plaintiff committed the first material breach of the contract by failing to provide notice and opportunity to cure; (2) Plaintiff could not maintain an unjust enrichment claim since the parties had an express contract governing their relationship; and (3) Defendant completed the project on time. The Court also observed that it did not need to address the merits of Defendant's spoliation allegations, since it found other grounds upon which to rule on the breach of contract claim. The Court finds no palpable defects in these rulings that would lead to a different disposition of those claims.

However, Defendant did not move for, nor did the Court grant, summary judgment on the merits or the factual issues concerning Plaintiff's professional liability claim – which is going forward to trial.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court will


schedule a status conference with the parties to discuss the claims going forward to trial.

**SO ORDERED.**

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 14, 2008

                                          CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 14, 2008.

                                                  s/Denise Goodine
                                                 Case Manager