UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYSLER REALTY COMPANY,
LLC.,

        Plaintiff,

v.

DESIGN FORUM ARCHITECTS,
INC.,

        Defendant.
_____/

CIVIL ACTION NO. 06-11785

DISTRICT JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that Plaintiff's Motion for Review of Taxed Bill of Costs and Objections to Such Taxed Costs be granted with respect to the costs associated with the deposition of James Taube. I further recommend that the Motion be denied in all other respects.

**II.    REPORT**:

    **A.    Procedural History**

This action was filed on April 13, 2006. Defendant's filed its Answer and Affirmative Defenses on May 4, 2006. A subsequent Motion for Leave to File a Counterclaim was denied on March 9, 2007.

On October 17, 2007, Defendant filed a Motion for Partial Summary Judgment. Plaintiff's Response was filed on December 3, 2007, and a Reply Brief was filed on January 17, 2008. The Motion was brought on for hearing on January 31, 2008, and granted on February 28, 2008. The Court, however, granted Plaintiff's Motion for Reconsideration, and an Amended Opinion and Order was entered on March 25, 2008. Plaintiff's Motion for Reconsideration was denied on April 14, 2008.

On April 28, 2008, Plaintiff filed a Motion for Correction of the 4/14/08 Order Denying Reconsideration.  Defendant filed its Response on May 12, 2008, and the Court entered an Order granting the Motion on May 30, 2008.  The sole remaining claim in the case was dismissed, and Judgment in favor of Defendant was entered on the same day.  On June 12, 2008, Plaintiff filed its Notice of Appeal.

On June 25, 2008, Defendant filed its Bill of Costs.  On June 30, 2008, the Clerk taxed costs in the total sum of $7,625.79.  The parties stipulated to an extension of time for the filing of objections (Docket Entry 55).  Subsequently, on July 16, 2008, Plaintiff filed the instant Motion for Review of Taxed Bill of Costs and Objections to such taxed costs.  The Motion was referred to the magistrate judge by Order of Reference on July 21, 2008.  Defendant filed its Response to the Motion on July 22, 2008, and the matter was brought on for hearing on August 25, 2008.

### B.      Applicable Law and Standard of Review

Fed.R.Civ.P. 54(d) provides that "costs - other than attorney's fees - should be allowed to the prevailing party," unless a statute, the Federal Rules of Civil Procedure or a court order provides otherwise.  Such costs may be taxed by the Clerk on one days notice.  "On motion served within the next 5 days, the court may review the clerk's action."  Fed.R.Civ.P. 54(d).

28 U.S.C. §1920 provides that the judge or clerk of any court of the United States may tax as costs the "(1) [f]ees of the clerk . . . [and] (2) [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

Rule 54.1 of the Local Rules of the United States District Court for the Eastern District of Michigan provides that costs will be taxed by the Clerk as provided in the Bill of Costs Handbook available from the Clerk's Office.  E.D. Mich. LR 54.1.  "The court has

broad discretion in allowing or disallowing the particular items listed in §1920 as costs." BDT v. Lexmark Int'l, Inc., 405 F.3d 415, 417 (6th Cir. 2005). Further, the court "may interpret the meaning of items listed in . . . §1920." Id. "The party objecting to the Clerk's taxation has the burden of persuading the court that it was improper." Id. at 420 (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3rd §2679 (1998)).

### C. Analysis

Plaintiff seeks review of two classes of costs taxed by the Clerk. First, it maintains that court reporter fees for the depositions of Gregory Arakelian, Brady Harding, James Taube and Thomas Saitta were not "necessarily obtained for use in the case." Second, Plaintiff maintains that costs taxed in the amount of $39.00 for "court fees/filing fees" paid to the U.S. District Court for the District of Nevada were unnecessary, as Defendant could have issued subpoenas as an officer of this court without having to pay subpoena fees.

#### 1. Deposition Expenses

28 U.S.C. §1920(2) does condition the recovery of costs associated with depositions upon a demonstration of necessity. The court is obliged to "exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' . . . and in an amount that is reasonable." Berryman v. Hofbauer, 161 F.R.D. 341 (E.D. Mich. 1995).

"There is general agreement that the expenses of a deposition may be taxed as costs when it was received in evidence, although even this is not always true. The justification for taxing the expenses of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3rd Section 2676

3

(citations omitted).  See also, Kaimowitz v. Howard, 547 F.Supp. 1345 (E.D. Mich. 1982). Defendant's successful Motion for Partial Summary Judgment cited three of the depositions for which reimbursement is challenged in Plaintiff's Motion.  By my count, the Arakelian and Harding depositions were cited twelve times each in Defendant's Motion.  The Thomas Saitta deposition was cited by Plaintiff five times in its primary Brief in Support of Summary Judgment, and once in its Reply Brief.  The deposition of James Taube, however, was not cited by Plaintiff in either brief.

The opinion granting Defendant's Partial Summary Judgment cited each of the challenged depositions. The opinion cited the Arakelian deposition five times. The depositions of Harding and Saitta were each cited four times, and the Taube deposition was cited once. An essential requirement for the grant of summary judgment is the absence of any issue of material fact regarding the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986): Martin v. Ohio Turnpike Comm'n, 968 F.2d 606, 608 (6th Cir. 1992). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences in a light most favorable to the non-moving party. 60 Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party has the burden of showing conclusively that no genuine issue of material fact exists.  Id. at 1435.

Plaintiff asserts in the instant Motion that the four challenged depositions "were used merely to provide factual background information (which CRC largely disputed) that was completely irrelevant to the arguments . . . advanced or upon which the court relied to render its opinions." Plaintiff made no effort to illustrate or explain its argument with respect

4

to any particular challenged deposition.  In light of that fact, I find the argument unpersuasive.  Upon reviewing Defendant's Briefs, I find that it relied substantially upon the Arakelian, Harding and Saitta depositions.  In granting Defendant's Motion, the district judge cited the Arakelian transcript five times, and the Harding and Saitta transcripts four times each.  "Courts within this Circuit found that depositions cited by either party in support or defense of a motion are 'reasonably necessary for the litigation' and, therefore, are taxable by the prevailing party under §1920(2)." Lahar v. Oakland County, No. 05-72920, 2008 U.S. Dist. LEXIS 6197, 2008 WL 239830, *1 (E.D. Mich. January 29, 2008) (citing Kewanee Bay Indian Community, 2005 U.S. Dist. LEXIS 38193, 2005 WL 3535124 at *2 ; Johnson v. City of Battle Creek, No. 4:04CV38 2005 U.S. Dist. LEXIS 40301, 2005 WL 1427716 *1 (W.D. Mich. June 16, 2005))."  In light of that authority, I am satisfied that the depositions of Arakelian, Harding and Saitta were necessarily obtained for use in the case, as required by 28 U.S.C. §1920(2).

I reach a contrary conclusion with respect to the transcript of the James Taube deposition.  Mr. Taube's testimony was not cited by Defendant in its primary Brief or Reply Brief in support of the Motion for Partial Summary Judgment.  In granting the Motion, the court cited Taube's testimony only once.  While that single citation may be sufficient to support the exercise of the court's discretion in taxing the costs, I am persuaded that the better course is to uphold the objection and deny recovery of costs for the Taube transcript. "The costs of depositions that are simply investigative or preparatory in character, rather than for the preparation of the case, typically are not taxable."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 3rd Section 2676.

For all of the above reasons, I find that the depositions of Arakelian, Harding and Saitta were necessarily obtained for use in the case, and that the costs relating to them

were reasonable and properly taxed by the Clerk. I conclude, however, that the deposition of Taube was not necessarily obtained for use in the case, and that the expenses relating to it should not be taxed as costs.

### 2. Subpoena Fees

Plaintiff's second challenge to the Clerk's Taxed Bill of Costs relates to funds expended in connection with document subpoenas issued in the Federal District of Nevada. As stated in the instant Motion, hand written notations on the copy of the check attached to Defendant's Bill of Costs indicate that the fees were for record subpoenas. No further supporting documentation appears in the record. Plaintiff maintains that the fees were unnecessary "as Design Forum's counsel could have issued subpoenas as an officer of the court . . . without having to pay any subpoena fees." Unfortunately, Plaintiff once again failed to offer specific facts in support of its argument. For its part, however, Defendant failed even to address this issue in its Response Brief.

Plaintiff is correct that counsel for Design forum could have obtained subpoena forms for the production of documents in the District of Nevada without cost. Fed.R.Civ.P. 45(a)(2). Typically, a $39.00 (Miscellaneous Action) filing fee is charged only when subpoenas are issued for deposition testimony in a district other than that in which the action is pending. Defendant has not established that the subpoenas in issue called for testimony. I conclude that the filing fee should not have been imposed, and that it should not be assessed against Plaintiff as costs.

For all of the above reasons, I recommend that Plaintiff's Motion for Review of Taxed Bill of Costs and Objections to Such Taxed Costs be granted as to the expenses relating to the deposition testimony of James Taube ($404.64) and as to the Clerk's fees (in

6

Nevada) for the document subpoenas ($39.00).  I further recommend that the Motion be denied in all other respects, and that Defendant be awarded its costs in the sum of $7,182.15 ($7,625.79 taxed by the Clerk, less $443.64).

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: April 30, 2009

## CERTIFICATE OF SERVICE

I hereby certify on April 30, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 30, 2009: **None.**

                                                                 s/Michael E. Lang
                                                                 Deputy Clerk to
                                                                 Magistrate Judge Donald A. Scheer
                                                                (313) 234-5217